at Al, case number 25486, and I understand that Ms. Clark, you're on Zoom, can you hear us? Yes, can you hear me? Yes. Okay. Hold on one second, Ms. Clark. Sure. So we also have counsel for the New York City Housing Authority, New York Installation and Environmental Services, and JST Environmental Consultants, is that correct? Yes. Great, thank you. All right, Ms. Clark, you can proceed. Okay, good afternoon, Your Honors. The standard of review for a denial of a Rule 15a2 motion to amend is a de novo review. A Rule 59e motion and a Rule 60b motion on the grounds of disqualification of federal judges is an abuse of discretion governed by 28 U.S.C. 455. Under Section 455a is to avoid even the appearance of partiality, and applies when a reasonable person would conclude that a judge was violating Section 455b-4. C. Chase Manhattan Bank v. Affiliated Ethnic Insurance Co. Second Circuit, 2003. The U.S. Supreme Court explained in Liljeburg, 1988, judgments entered by judges whose impartiality might reasonably be questioned under 455a are voidable under Rule 60b-6 if the court's three-part analysis warrants vacata. If it may please the Court, I will start with a question of first impression as to whether magistrate-judge shopping violates the 14th Amendment of the United States Constitution of Due Process. When a district judge, knowing that they and their spouse have a financial interest in a case, and allows defendants and a defendant's indemnifying insurance company to handpick a magistrate judge by having the pro se docket manager illegally, manually change the random court assignment to a different magistrate judge, and the magistrate judge and their spouse also have a known financial interest in the outcome of the case, and both judges refuse to disqualify. The answer should be yes, and it requires vacata under Rule 60b, C.S.D.N.Y. Docket 90 and 91. Congress has provided that a known financial interest in a party, no matter how small, is a disqualifying conflict of interest and one that cannot be weighed by the parties. The participation of a judge who has a substantial interest in the outcome of a case, which they know at the time they participated, necessarily imports a violence into deliberate process. This deprives litigants of the insurance of impartiality that is the fundamental requirement of due process. C.S.C. U.S. Supreme Court Adler Life Insurance Code v. LaVoy, 1986, quoting page 475, U.S. 831. Ms. Clark, this is not the first time you've sought to disqualify judges in your case, is it? No, this is the first time. Well, didn't you move to disqualify, in an earlier case, Judge Torres? This is the same case. Okay, why did you move to disqualify Judge Torres? What was his offense? What was her offense? That was her offense? Yeah. It's two judges. Yeah. Yeah, it's two judges that I'm moving for. What was the wrong that she committed? The wrong that she committed was that when she, it was brought to her attention that the defendants had went ahead and changed the reassignment, they had got the reassignment of the magistrate judge changed. It was originally assigned to Jennifer E. Willis. That was assigned on 3-19-2024. Then, the Council for New York Insulation and Environmental Services, Inc., on April 4, 2024, at Docket 15, he wrote a letter, a joint letter, a motion. It was signed by all the defendants. And what happened was, in fact, it was signed by all the defendants, but this was before they were even served the summons and complaint. Okay, thank you.  Thank you. So. Thank you. Okay. Okay, so this is the thing. Judge Annalisa Nadine Torres has a family legacy business, the Pamela C. Torres Daycare Center. It's in the Millbrook Housing Projects in the Bronx, New York, owned by Defendant Nitra, CSDNY Doctrine 81-2. And it receives federal, city, and state funding. Where she has past work history, and her brother Ramon Torres, a retired Nitra housing assistant, is a board member of the daycare center, which is one of the buildings that's involved in the contract of this case. CSDNY Doctrine 81-4, 81-5, and 86-1. Judge Torres also owns stock with the defendant's affiliate, NYS, Indemnifying Insurance Company, AIG. And her husband, Steven C. Whitter, as a friend and affiliated Wells Fargo advisor to Vesna Bruckner, has a substantial financial partnership with AIG. CSEC and Circuit Doctrine 40.1, starting at page 200 through 212, and so forth. Judge Torres also, she also violated the sex rights to an impartial tribunal in SEC v. Ripple lawsuit, as she should have recused herself, knowing that her husband had a direct financial interest in her ruling that XRP is not a security. When sold to non-institutional investments, as he brokers stock and cryptocurrency digital assets to his wealthy clients. Matters to Judge Robert F. Tanofsky, I'm also moved for disqualification for them at the same time. The thing is, matters to Judge Tanofsky was not legally assigned to my case. That's the whole thing. Thank you. It was changed on behalf of the defendants, and that's why. Thank you very, very much, Ms. Clark. Thank you. Very, very much appreciated. So we'll hear from the lawyers for each of the appellees. And I take it who's first? Ms. Skolnik? Yes. I think I will just rely on our brief, unless the court has any questions. Okay. Thank you. Thank you. Mr. Leff for? New York Installation and Environmental Services. Do you want to stand up? Sorry, yes. Please. And pitch your name and who you are. May it please the court, Richard Leff from BBC Law for New York Installation and Environmental Services Corp. I don't know how to have a clerk change a magistrate. We did submit a joint letter asking for an extension of time, and how that process then worked is a mystery to me. But I will rely on our papers, unless you have any questions for me. Well, let's hear from Mr. Schneider. Thank you. Michael Schneider with Kennedy's Law on behalf of JLC Environmental. We also rely on the papers. We've been here before. Let me just ask one question. Ms. Clark mentioned that a judge's brother was on board. Is that right? Did I miss something? Oh, Ms. Skolnik. No, he's not an official for the New York City Housing Authority. There is a daycare center in one of our developments that is named after Judge Torres' sister, who died at a very young age and was a resident in that development. And Judge Torres' brother is on the board of that daycare center, but it's an independent daycare center. It's just on NYCHA property, but it's not run by NYCHA and has nothing to do with this case. Okay. Well, thank you very much. Thank you. So, Ms. Clark, let me just explain what will happen. We are going to reserve a decision in this case, which just means that we're not going to decide right now. And we will—that is, the three judges on the panel will confer and make a decision. And at some point thereafter, you'll receive a written decision from us, okay? And—but we appreciate your time. We have your arguments, both the ones that you submitted in writing as well as your argument today, very well in mind. And thank you very much.